UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MICILLO,<br><br>Plaintiff,<br><br>v.<br><br>LIDDLE & ROBINSON LLP, CHRISTINE A. PALMIERI, ESQ., and BERGER ATTORNEY P.C.,<br><br>Defendants. | Case No.<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff John Micillo ("Plaintiff"), by way of Complaint against Defendants Liddle & Robinson LLP ("Liddle & Robinson"), Christine A. Palmieri, Esq. ("Ms. Palmieri"), and Berger Attorney P.C. ("Berger Firm") (collectively, "Defendants"), alleges as follows:

## PARTIES

1. Plaintiff is an individual residing in Red Bank, New Jersey.

2. Upon information and belief, Liddle & Robinson is a law firm which is a limited liability partnership organized pursuant to the laws of the State of New York with a principal place of business at 800 Third Avenue, 8th Floor, New York, New York 10022. It is therefore a citizen of the State of New York.

3. Upon information and belief, Ms. Palmieri is licensed to practice law in the State of New York and is a partner at Liddle & Robinson. Upon information and belief, Ms. Palmieri resides in Pelham, New York and is therefore a citizen of the State of New York.

1

4. Upon information and belief, the Berger Firm is a law firm which is a professional corporation organized pursuant to the laws of the State of New York with a principal place of business at 321 Broadway, New York, New York 10007.

## JURISDICTION AND VENUE

5. Because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. Because Liddle & Robinson and the Berger Firm reside in this judicial district, venue is proper pursuant to 28 U.S.C. § 1391(b). Alternatively, venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

7. On or about January 28, 2013, Plaintiff contacted the Berger Firm, which describes itself as an "employment law firm." During this initial discussion, Plaintiff provided the relevant details related to the termination of his employment as an Interim Acting Assistant Principal for the High School for Medical Professionals by the New York City Department of Education ("DOE").

8. In the phone intake form that the Berger Firm prepared, it deemed Plaintiff's case to be a "[w]histleblower" claim.

9. In or about February 2013, the Berger Firm referred Plaintiff to Liddle & Robinson.

2

10. The Berger Firm and Liddle & Robinson represented to Plaintiff that they were knowledgeable and experienced in the field of employment law and that they had the requisite knowledge and experience to represent Plaintiff.

11. In or about February 2013, Ms. Palmieri on behalf of Liddle & Robinson took certain steps to investigate Plaintiff's case.

12. On February 7, 2013, Ms. Palmieri spoke with the DOE's Chief Deputy Counsel Charity Guerra. Six days later, on February 13, 2013, she spoke with Daniel Schlachet, Esq., who was Special Counsel at the Special Commissioner of Investigation for the New York City School District.

13. At no time prior to February 25, 2013 did any attorney at Liddle & Robinson or the Berger Firm advise Plaintiff that he was required to file a notice of claim as a condition precedent to the commencement of a lawsuit against the DOE.

14. On or about April 8, 2013, Plaintiff signed an agreement for Liddle & Robinson to represent him ("the Agreement for Legal Services"). A copy of the Agreement for Legal Services is attached hereto as Exhibit A.

15. The Agreement for Legal Services provided as follows "You [Plaintiff] acknowledge that L&R [Liddle & Robinson] has been referred this matter by Brad Berger of Berger Attorney, P.C., and that Berger Attorney, P.C. will receive one-third of the attorneys' fee payable to L&R under this agreement. **Each firm assumes joint responsibility for the representation.**" (emphasis added).

16. On or about May 6, 2013, Ms. Palmieri on behalf of Liddle & Robinson filed a Notice of Petition, Petition and supporting documents in the Supreme Court of the State of New York, County of Kings for leave to file a late notice of claim on Plaintiff's behalf.

17. In said application, Ms. Palmieri on behalf of Liddle & Robinson stated that Plaintiff had been "informed on November 26, 2012 that his employment with the DOE was to be terminated effective January 2, 2013." Petition ¶ 5.

18. In her Reply Affirmation in further support of said application, Ms. Palmieri again stated that Plaintiff had been informed of his termination on November 26, 2012 and that the notice of claim was therefore required to be filed on or before February 25, 2013. See Reply Aff. ¶¶ 12, 15.

19. On June 28, 2013, the Hon. Johnny Lee Baynes, J.S.C. granted Plaintiff's application for leave to file a late notice of claim.

20. On or about July 8, 2013, Ms. Palmieri on behalf of Liddle & Robinson filed a Notice of Claim with the New York City Law Department.

21. Ms. Palmieri and/or another attorney at Liddle & Robinson prepared the Notice of Claim.

22. A copy of the Notice of Claim is attached as Exhibit B.

23. The Notice of Claim states in paragraph 3 that "[t]his claim arose in November 26, 2012 when [Plaintiff] learned that his employment would be terminated."

24. On October 3, 2013, a 50-H Hearing was held in the Matter of the Claim of John Micillo v. the City of New York.

25. In his sworn testimony, Plaintiff testified that he was informed on the Monday after Thanksgiving in 2012 (which was November 26) that his employment would be terminated and that his last day would be January 2, 2013. See Tr. at 72-73.

26. On February 14, 2014, Ms. Palmieri on behalf of Liddle & Robinson filed a complaint on Plaintiff's behalf in the Southern District of New York. The case was captioned

Micillo v. New York City Department of Education, Case No. 14-cv-00943 ("the Underlying Matter").

27. In the Underlying Matter, Plaintiff alleged, *inter alia*, as follows:

a) He first became employed by the DOE in 1995 as a teacher and was subsequently awarded tenure; in 2002, he became an Assistant Principal and was awarded tenure in 2007; and, in 2008, he voluntarily left the employ of the DOE;

b) On September 21, 2012, he was rehired by the DOE as the Interim Acting Assistant Principal for the High School for Medical Professionals within the Canarsie Educational Campus in Brooklyn, New York;

c) On October 25, 2012, he was named the Athletic Director for the High School's Canarsie Educational Campus;

d) Upon his review of the completed timecards and time sheets of the High School's football coaches for the period ending November 15, 2012, he observed timecard fraud ("the Fraudulent Activities");

e) On November 16, 2012, he reported the Fraudulent Activities to two of the High School's principals;

f) On November 26, 2012, he was informed that his employment would be terminated effective January 2, 2013; on November 27, 2012, he received a letter confirming the termination of his employment; and

g) The termination of his employment was in retaliation for his reporting of the Fraudulent Activities.

28. In the Underlying Matter, Ms. Palmieri on behalf of Liddle & Robinson sought to assert a claim on behalf of Plaintiff against the DOE for violation of New York State Civil Service Law § 75(b) ("Plaintiff's Whistleblower Claim").

29. New York law provides that, with regard to alleged violations of New York State Civil Service Law § 75(b), "no action or special proceeding shall be commenced ... more than one year after the cause of action arose..." N.Y. Educ. Law § 3813 (2-b).

30. As evidenced by, *inter alia*, the assertions in the documents submitted in support of the application for leave to file a late notice of claim on Plaintiff's behalf, as well as the statements in the Notice of Claim itself, Ms. Palmieri and Liddle & Robinson were aware that Plaintiff's Whistleblower Claim arose on November 26, 2012.

31. Ms. Palmieri on behalf of Liddle & Robinson commenced the Southern District Matter on February 14, 2014, which was more than one year after Plaintiff's Whistleblower Claim arose.

32. On or about July 7, 2014, the DOE filed a motion to dismiss. The basis for the motion was in relevant part that Plaintiff's Whistleblower Claim was barred by the applicable one-year statute of limitations set forth in N.Y. Educ. Law § 3813 (2-b).

33. Ms. Palmieri on behalf of Liddle & Robinson did not oppose the portion of the DOE's motion which sought dismissal of Plaintiff's Whistleblower Claim.

34. On February 3, 2015, Magistrate Judge Gabriel W. Gorenstein entered a report and recommendation granting the DOE's motion to dismiss.

35. On March 3, 2015, Judge Lewis A. Kaplan adopted Judge Gorenstein's report and recommendation and granted the DOE's motion to dismiss in its entirety.

36. On March 6, 2015, a judgment was entered dismissing the Underlying Matter and closing the case.

## FIRST COUNT
(Legal Malpractice)

37. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

38. As set forth in paragraphs 14-15, supra, as well as in Exhibit A, both Liddle & Robinson and the Berger Firm assumed joint responsibility for the representation of Plaintiff.

39. Defendants had a duty to exercise ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession ("the Duty of Care").

40. As evidenced by, *inter alia*, i) their failure to advise Plaintiff prior to February 25, 2013 that he was required to file a notice of claim as a condition precedent to the commencement of a lawsuit against the DOE; and ii) their failure to file a lawsuit on Plaintiff's behalf on or before November 26, 2013, Defendants breached the Duty of Care.

41. Defendants' breach of the Duty of Care proximately caused Plaintiff to sustain actual and ascertainable damages. Said damages include, *inter alia*, economic damages including loss of income, pension and other benefits, as well as emotional distress.

**WHEREFORE**, Plaintiff John Micillo demands that judgment be entered against Defendants Liddle & Robinson LLP, Christine A. Palmieri, Esq., and Berger Attorney P.C. and that he be awarded compensatory damages; costs and a reasonable attorney's fee; and such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff John Micillo demands trial by jury on all claims and issues so triable.

**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
Attorneys for Plaintiff John Micillo

By: _____
Andrew M. Moskowitz

Dated: August 5, 2015

# EXHIBIT A

LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 697-1505
www.liddlerobinson.com
E-mail: cpalmieri@liddlerobinson.com

MIRIAM M. ROBINSON (RETIRED)

BLAINE H. BORTNICK
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES W. HALTER
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
ANDREA M. PAPARELLA
MARC A. SUSSWEIN

SHERRY M. SHORE
MATTHEW J. MCDONALD
GEOFFREY R. BOWSER
JENNIFER RODRIGUEZ
SAMANTHA L. PLESSER
J.R. ROTHSTEIN
ROBERT L. ADLER

April 4, 2013

VIA ELECTRONIC MAIL

Mr. John Micillo
104 Northampton Drive
Holmdel, New Jersey 07733

Re:  NYC Department of Education

Dear John:

This will confirm the fee agreement between Liddle & Robinson, L.L.P. ("L&R") and you regarding L&R's representation of you in connection with the above-referenced matter.

You agree to pay us all reasonably necessary disbursements, on a current basis as billed. Disbursements include, but are not limited to, court reporter costs, fees for computerized legal research, photocopying, facsimile charges, postage, and filing fees.

In addition, if we achieve a recovery ("recovery" is inclusive of all gross pre-tax amounts recovered, including but not limited to for damages, interest, costs, and benefits) on your behalf, you will pay us, in a lump sum, 33-1/3% of all recovery.

In the event we are awarded attorneys' fees, the attorneys' fee award shall be applied against the amounts to which we would be entitled under our agreement with you, and you shall be responsible only for the difference between the amounts called for by our agreement and the attorneys' fee award. If any attorneys' fee award exceeds the amount to which we would be entitled under our agreement, we shall be entitled to the full attorneys' fee award.

LIDDLE & ROBINSON, L.L.P.

Mr. John Micillo            -2-            April 4, 2013

      You acknowledge that L&R has been referred this matter by Brad Berger of Berger Attorney P.C., and that Berger Attorney P.C. will receive one-third of the attorneys' fees payable to L&R under this agreement. Each firm assumes joint responsibility for the representation.

      This retainer agreement cannot be changed, modified or replaced unless and until you and a partner of L&R sign a separate written retainer agreement.

      Please acknowledge your acceptance of these terms by signing this letter and returning it to me. We look forward to our representation of you on these matters.

Very truly yours,

*[signature]*

Christine A. Palmieri

ACCEPTED AND AGREED:

*[signature]*
John Micillo

Dated: 4/8/13

# EXHIBIT B

# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com

E-MAIL: cpalmieri@liddlerobinson.com

MIRIAM M. ROBINSON (RETIRED)

BLAINE H. BORTNICK
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES W. HALTER
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
ANDREA M. PAPARELLA
MARC A. SUSSWEIN

SHERRY M. SHORE
MATTHEW J. MCDONALD
GEOFFREY R. BOWSER
JENNIFER RODRIGUEZ
SAMANTHA L. PLESSER
J.R. ROTHSTEIN
ROBERT L. ADLER

July 8, 2013

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Cindy E. Switzer, Esq.
Assistant Corporation Counsel
New York City Law Department
Labor & Employment Law Division
100 Church Street, Room 2-117
New York, New York 10007

Re: <u>John Micillo v. N.Y.C. Dept. of Education</u>

Dear Cindy:

Enclosed is Mr. Micillo's executed Notice of Claim.

Very truly yours,

Christine A. Palmieri

Enclosure

NOTICE OF CLAIM

---------------------------------------------------X

In the Matter of the Claim of

John Micillo

        -against-

New York City Department of Education

---------------------------------------------------X

TO:    Corporation Counsel
          New York City Law Department
          100 Church Street
          New York, New York 10007

      PLEASE TAKE NOTICE that the undersigned Claimant hereby makes claim and demand against you as follows:

1.     The name and address of Claimant is:

      Mr. John Micillo
      104 Northampton Drive
      Holmdel, New Jersey 07733

      Claimant is represented by:

      Christine A. Palmieri, Esq.
      LIDDLE & ROBINSON, L.L.P.
      800 Third Avenue
      New York, New York 10022

     Claimant asserts a claim for retaliation in violation of Civil Service Law §75-b. On September 21, 2012, Mr. Micillo became re-employed by the New York City Department of Education ("DOE") as an Interim Acting Assistant Principal for The High School for Medical Professional within the Canarsie Educational Campus in Brooklyn, New York. On October 25, 2012, he was named the Athletic Director for the Campus. On November 16, 2012, Claimant informed his Principal and another Principal on the Campus that certain coaches were engaging in timecard fraud. On November 26, 2012, Claimant learned that his employment would be terminated effective January 2,

1

2013. The following day, November 27, he received a letter confirming his termination.

3.  **The time when, place where, and the manner in which, the claim arose:**

This claim arose on November 26, 2012 when Claimant learned that his employment would be terminated.

4.  **The items of damage or injuries claimed are:**

Claimant seeks reinstatement, lost income and benefits, and attorneys' fees and costs, all in an amount to be determined.

The undersigned Claimant presents this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of the presentation to you, the claimant intends to commence an action on the claim.

Dated: 7-1, 2013

_____
John Micillo

2

VERIFICATION:

State of New Jersey )
) ss:
County of Monmouth )

I, JOHN MICILLO, being duly sworn, deposes and says that deponent is the claimant in the within action; that deponent has read the foregoing Notice of Claim, and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true.

*John Micillo* (signature)
John Micillo

Sworn to before me this
1 day of July, 2013

*(signature)*
NOTARY PUBLIC

DARSHI JAYAWARDENA
Notary Public
State of New Jersey
My Commission Expires Jan. 29, 2018
I.D.# 2296210